Approved: _____
KEDAR S. BHATIA / REBECCA T. DELL / DEREK WIKSTROM
Assistant United States Attorneys

Before:  THE HONORABLE STEWART D. AARON
         United States Magistrate Judge
         Southern District of New York

**22 MAG 9637**

- - - - - - - - - - - - - - - - - - x
                                     :   **SEALED COMPLAINT**
UNITED STATES OF AMERICA             :
                                     :   Violation of
   - v. -                            :   18 U.S.C. §§ 1343 and 2
                                     :
EDWIN SKEPPLE,                       :
                                     :   COUNTY OF OFFENSE:
              Defendant.             :   ROCKLAND
                                     :
- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   LAVALE JACKSON, being duly sworn, deposes and says that he is a Special Agent with the United States Attorney's Office for the Southern District of New York, and charges as follows:

### COUNT ONE
### (Wire Fraud)

   1.   From in or about July 2020 up to and including in or about August 2020, in the Southern District of New York and elsewhere, EDWIN SKEPPLE, the defendant, knowingly and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, SKEPPLE engaged in a scheme to obtain funds from the United States Small Business Administration ("SBA") through the SBA's Economic Injury Disaster Loan ("EIDL") Program, by submitting false and fraudulent loan applications.

   (Title 18, United States Code, Sections 1343 and 2.)

   The bases for my knowledge and for the foregoing charges are, in part, as follows:

2.  I am a Special Agent with the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), and have been in that position for over eight years. Before joining the USAO-SDNY, I was a Special Agent with the United States Department of Labor – Office of Inspector General for more than nine years. In both of these capacities, I have participated in numerous criminal investigations, including investigations into fraud and public corruption.

3.  This case arises from an investigation the USAO-SDNY, the Internal Revenue Service – Criminal Investigations ("IRS-CI"), and the SBA's Office of Inspector General ("SBA-OIG"), have been conducting into public employees who submitted or caused to be submitted fraudulent applications for SBA loans related to the COVID-19 pandemic. I have been personally involved in that investigation. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with other law enforcement officers, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my participation in the investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## Overview

4.  At all times relevant to this Complaint, EDWIN SKEPPLE, the defendant, was employed by the New York City Department of Corrections ("NYC DOC").

5.  In or about July 2020, EDWIN SKEPPLE, the defendant, engaged in a scheme to defraud the SBA and enrich himself, by applying for an EIDL on behalf of a sole proprietorship in his own name that purportedly provided printing and graphic design services. SKEPPLE's EIDL application contained materially false representations about his purported sole proprietorship. Based on that fraudulent application, the SBA issued an EIDL to SKEPPLE in the amount of $50,000.

## The SBA's EIDL Program

6.  Based on my training and experience, my review of information from the SBA's website, my review of information received from the SBA, and my communications with SBA employees, I know that:

2

a. The SBA is a federal agency that administers assistance to American small businesses. This assistance includes issuing certain loans, and guaranteeing loans issued by certain lenders, to qualifying small businesses. As relevant here, this assistance includes making direct loans to applicants through the EIDL program.

b. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted on March 29, 2020, designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. Among other things, the CARES Act expanded the SBA's EIDL program, which provided small businesses with low-interest loans of up to $2 million prior to in or about May 2020, and up to $150,000 between in or about May 2020 and in or about December 2021, in order to provide vital economic support to help overcome the loss of revenue small businesses experienced due to COVID-19. These loans were made directly by the SBA.

c. To qualify for an EIDL under the CARES Act, an applicant had to have suffered "substantial economic injury" from COVID-19, based on an actual economic injury determined by the SBA. EIDLs could only be used for certain specified purposes, such as for payroll and other similar costs, increased costs due to supply chain interruption, to pay obligations that could not be met due to revenue loss, and for other similar uses.

d. The CARES Act also permitted applications to request an advance of up to $10,000 to pay allowable working capital needs. Advances were expected to be paid by the SBA within three days of the submission of an EIDL application to the SBA, provided the application contained a self-certification under penalty of perjury of the applicant's eligibility for an EIDL.

e. Individuals were permitted to submit EIDL applications electronically through the SBA's website, which recorded various information about the application and applicant. Applicants received email notifications at various points in the application process, including, if applicable, when the SBA extended an offer and when the SBA approved the loan.

### **SKEPPLE's Fraudulent EIDL Application**

7. Based on my review of records received from the SBA, an email provider, and an internet service provider, I have learned, among other things, the following:

a. On or about July 25, 2020, EDWIN SKEPPLE, the defendant, submitted an EIDL application to the SBA, seeking an EIDL for a sole proprietorship under the name "Edwin Skepple" (the "SKEPPLE EIDL Application").

b. The SKEPPLE EIDL Application was submitted from a certain Internet Protocol ("IP") address (the "SKEPPLE IP Address"). Internet service provider records show that from on or about June 23, 2020, to on or about August 7, 2020, the SKEPPLE IP Address was assigned to "edwin skepple" at a particular address in West Nyack, New York (the "SKEPPLE West Nyack Address").

c. The SKEPPLE EIDL Application contained a certification under penalty of perjury that its contents were "true and correct."

d. The SKEPPLE EIDL Application claimed that the "Edwin Skepple" sole proprietorship was 100% owned by EDWIN SKEPPLE, the defendant.

e. The SKEPPLE EIDL Application claimed, among other things, that the "Edwin Skepple" sole proprietorship was established on March 22, 2016, was a "printing/graphic design" business, earned $250,000 in gross revenues during the 12-month period ending January 31, 2020, incurred $150,000 in cost of goods sold during the 12-month period ending January 31, 2020, and incurred $50,000 in lost rents due to the coronavirus pandemic.

f. The SKEPPLE EIDL Application directed that the loan payment be sent to a certain account in the name of "Edwin R Skepple" ("SKEPPLE Checking Account-1") at a certain financial institution ("Financial Institution-1").

g. The SKEPPLE EIDL Application listed a certain email address (the "SKEPPLE Email Address"). Email provider records show that the SKEPPLE Email Address was created in or about July 25, 2020, and is subscribed to in the name of "EDWIN SKEPPLE."

h. SBA notes accompanying the SKEPPLE EIDL Application show that on or about July 25, 2020, SKEPPLE indicated that he "would like to cancel his application." Nevertheless, on or about July 30, 2020, SKEPPLE "confirmed wire information" for SKEPPLE Checking Account-1. On or about the same day, July 30, 2020, SKEPPLE electronically signed the SBA's loan agreement to receive a $50,000 EIDL.

i. On or about July 31, 2020, the SBA approved the SKEPPLE EIDL Application and a loan in the amount of $50,000.

8. Based on my review of records from Financial Institution-1, I have learned, among other things, the following:

    a. On or about May 17, 2020, EDWIN SKEPPLE, the defendant, opened SKEPPLE Checking Account-1.[1]

    b. On or about August 4, 2020, SKEPPLE Checking Account-1 received a deposit from the SBA in the amount of $49,900.[2]

    c. On or about August 7, 2020, *i.e.*, soon after the EIDL was disbursed, SKEPPLE Checking Account-1 began receiving payments labeled "payroll" from the City of New York.[3]

    d. In the period soon after the EIDL was disbursed, bank records show, among other things, that, that between on or about August 13, 2020, and on or about September 10, 2020, SKEPPLE made approximately eight cash withdrawals of $1,000 each and one cash withdrawal of $6,000.

9. Based on my review of records from a certain financial institution ("Financial Institution-2"),[4] I have learned, among other things, the following:

    a. On or about September 21, 2011, EDWIN SKEPPLE, the defendant, opened an account in his own name at Financial Institution-2 ("SKEPPLE Checking Account-2"). Account opening records list SKEPPLE's name and his employer as "NYC Dept of Corrections," and list the same date of birth and social security number listed on the SKEPPLE EIDL Application.

---

[1] Although records for SKEPPLE Checking Account-1 show that account opening documents were signed on or about May 17, 2020, bank statements show activity beginning earlier on or about April 30, 2020.

[2] Based on my review of information from the SBA's website about the EIDL program, I know that for EIDLs greater than $25,000, the SBA charged a one-time $100 fee in order to file a lien on the borrower's business assets.

[3] SKEPPLE Checking Account-1 received one prior payroll deposit from the City of New York on or about May 15, 2020.

[4] Based on my review of publicly available information, I have learned that Financial Institution-2 is a credit union for which only certain categories of individuals are eligible to open accounts, including but not limited to employees of the City of New York, and Financial Institution-2 required proof of eligibility in order to open an account.

5

b. Statements for SKEPPLE Checking Account-2 from in or about January 2019 to in or about January 2020 reflect that, during that period, SKEPPLE regularly received payments labeled "payroll" from the City of New York in SKEPPLE Checking Account-2.

c. Statements for SKEPPLE Checking Account-2 from in or about January 2019 to in or about January 2020 reflect that, during this period, SKEPPLE's regular source of earnings into SKEPPLE Checking Account-2 during the 12-month period ending January 31, 2020 was his job with the NYC DOC. While statements for SKEPPLE Checking Account-2 reflect other significant deposits into the account, based on the records available to me and my training and experience, I believe these other deposits are not together consistent with the operation of a sole proprietorship doing printing and graphic design work that earned approximately $250,000 in revenue during that period.

10. Based on my review of tax filings for EDWIN SKEPPLE, the defendant, I have learned, among other things, the following:

a. For tax year 2019, the only income SKEPPLE reported to the Internal Revenue Service ("IRS") was his salary from the City of New York. SKEPPLE did not report any income from, or file a Schedule C, Profit or Loss from Business, for, any sole proprietorship in his name.

b. For tax year 2020, the only income SKEPPLE reported to the IRS was his salary from the City of New York, approximately $78,980 rent received from approximately seven rental properties, and approximately $4,377 income and gross receipts from ERS Foundation LLC, which SKEPPLE reported as a "real estate investment" business on a Schedule C. SKEPPLE filed no Schedule C for a business in printing/graphic design, and the Schedule C he submitted for ERS Foundation LLC listed far less gross revenue than the $250,000 he claimed on the SKEPPLE EIDL Application. The tax return SKEPPLE filed for tax year 2020 listed the SKEPPLE West Nyack Address as SKEPPLE's "Home address."

c. For tax year 2021, the only income SKEPPLE reported to the IRS was his salary from the City of New York; approximately $3,741 in income from a property; and approximately $6,417 in rents received. SKEPPLE filed a Form 8995, Qualified Business Income Deduction, showing no income for ERS Foundation LLC. SKEPPLE did not report any income from, or file a Schedule C for, any sole proprietorship in his name.

11. Based on my review of records provided by the SBA, I have learned, among other things, the following:

    a. In addition to submitting the SKEPPLE EIDL Application from the SKEPPLE IP Address, EDWIN SKEPPLE, the defendant, submitted several other EIDL applications from the SKEPPLE IP Address.

    b. On or about July 24, 2020, SKEPPLE submitted an EIDL application from the SKEPPLE IP Address for a sole proprietorship with the name "SKEPPLE," that also provided "printing/graphic design" services. With this EIDL application, SKEPPLE listed an email address that I believe to be his workplace email address at NYC DOC. SKEPPLE also claimed $250,000 in gross revenue (the same as the funded SKEPPLE EIDL Application); $80,000 in cost of goods sold (less than the $150,000 in the funded SKEPPLE EIDL Application); no lost rent due to the coronavirus pandemic (less than the $50,000 claimed in the funded SKEPPLE EIDL Application); and he claimed that his business was established on March 26, 2017 (different than the March 22, 2016 date he claimed in the SKEPPLE EIDL Application). SBA records show that on or about July 24, 2020, SKEPPLE called SBA, requested to withdraw the application, and took no further action on it.

    c. Between on or about July 5, 2020, and on or about August 8, 2020, SKEPPLE also submitted at least six applications for a real estate businesses; however, all six applications were denied.[5] Some of these applications were for businesses in his own name and others were for ERS Foundation LLC. These applications listed differing values of gross revenues, cost of good sold, lost rents, and dates the business was established.

---

[5] Based on my review of SBA records, I have learned, among other things, that five of the real estate business EIDL applications were submitted from the SKEPPLE IP Address and the last was submitted from another IP address.

WHEREFORE, deponent respectfully requests that a warrant issue for the arrest of EDWIN SKEPPLE, the defendant, and that he be imprisoned or bailed, as the case may be.

<u>/s/ LaVale Jackson, with permis</u>sion by SDA
LaVale Jackson
Special Agent
United States Attorney's Office for the
Southern District of New York

Sworn to me through the transmission of this
Complaint by reliable electronic means, pursuant to
Federal Rule of Criminal Procedure 4.1, this
29th day of November 2022.

_____
THE HONORABLE STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK